IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 3:19-cr-00059 |
| ) | JUDGE RICHARDSON |
| CHRISTOPHER TEFTELLER ) | |
| ) | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion for Release Pending Sentencing (Doc. No. 35, "Motion"), supported by various medical records filed under seal (Doc. No. 37).

Defendant has pled guilty to each of the three counts in the Indictment filed against him, namely: possession with intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) ("Count One"); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"); and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("Count Three"). His sentencing is currently set for June 15, 2020.

In the Motion, Defendant claims that he should be released pending sentencing due to the enhanced risk of being infected with COVID-19 while detained at Warren County (Kentucky) Detention Center,[1] combined with the enhanced risk he faces should he become infected due to his

---

[1] Defendant does not purport to have (and, notably, the Court does not have) any information suggesting an outbreak of COVID-19 at Warren County Detention Center. Instead, Defendant notes only that the "office [of the Federal Public Defender] was informed that two guards at the courthouse connected to the Warren County facility have tested positive for the virus." (Doc. No. 35 at 3).

coronary heart disease, history of pneumonia, pulmonary embolism, emphysema, and hypertension. Defendant relies specifically on 18 U.S.C. § 3145(c),[2] stating as follows:

> The defendant recognizes that he has pleaded guilty already, and that 18 U.S.C. § 3143 ordinarily might require his continued detention. However, 18 U.S.C. § 3145(c) allows release of a defendant, even defendants whose detention otherwise is mandated under 18 U.S.C. § 3143, when a judicial officer finds that the defendant has made a showing of exceptional circumstances under § 3145(c). *United States v. Christman*, 2010 U.S. App. LEXIS 4525 (6th Cir. 2010). In *Christman*, the Sixth Circuit acknowledged that a district court judge is a "judicial officer" contemplated in § 3145(c). The Sixth Circuit also concluded that the district court had the authority to release someone whose detention otherwise was mandated under § 3143(a)(2).

(Doc. No. 35 at 6).[3]

The Government has filed a response in opposition (Doc. No. 39). For the reasons set forth below, the Motion is **DENIED**.

I. THE DISTRICT COURT HAS AUTHORITY TO CONSIDER RELEASING DEFENDANT PENDING SENTENCING UNDER 18 U.S.C. § 3145(c), BUT INVOCATION OF SECTION 3145(c) DOES NOTHING TO REDUCE OR SATISFY THE BURDEN DEFENDANT BEARS IN ANY EVENT UNDER 18 U.S.C. § 3145(c) TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT HE DOES NOT POSE A FLIGHT RISK OR DANGER TO OTHERS.

As noted above, Defendant has moved for release pending his sentencing based on what he asserts are "exceptional reasons" pursuant to 18 U.S.C. § 3145(c). As noted in the quoted

---

[2] This subsection of Section 3145 provides:

> Appeal from a release or detention order.--An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

[3] Section 3143(a)(2) prescribes the requirements for release pending sentencing for a defendant who has been convicted of an offense described in 18 U.S.C. § 3142(f)(1)(A), (B) or (C). *See* 18 U.S.C. § 3143(a)(2). Count One (which carries a maximum sentence of imprisonment of 20 years) falls within 18 U.S.C. § 3142(f)(1)(A)), so the requirements of Section 3143(a)(2) are applicable on this Motion.

language above, Defendant maintains that release pending sentencing is possible under Section 3145(c) even if 18 U.S.C. § 3143(a)(2) ordinarily might require his continued detention after his guilty plea. Implicit in Defendant's argument is the notion that "exceptional reasons" alone can justify releasing a defendant pending sentencing even if the defendant cannot make the showing he *otherwise* would have to make for release under Section 3143(a)(2) as a convicted defendant. Defendant thereby also implies that he does not have to satisfy *any* of the requirements *of* Section 3143.

In other words, Defendant claims (whether expressly or implicitly) that: (a) Section 3145(c) is applicable to requests for release made by defendants otherwise subject to detention *under Section 3143(a)(2)*; (b) Section 3145(c) is applicable to requests to *district courts* for release *pending sentencing* made by such defendants; and (c) if he can show "exceptional reasons" within the meaning of Section 3145(c), then he can be released, even if he cannot satisfy *any* of the requirements for release under Section 3143.

Very recently, in *United States v. West*, No. 1:18-CR-00002, 2020 WL 2572482 (M.D. Tenn. May 21, 2020) (Richardson, J.), this Court addressed in detail an identical argument (which included the exact same language the Court has quoted above) made by a different defendant awaiting sentencing. As the Court explained at some length, Defendant's first two claims above are correct, the third one is not. *Id.* at 1-6. For reasons set forth with thoroughness, the Court found that Section 3145(c) eliminated *some but not all* requirements for release under Section 3143(a)(2) for a defendant who could show "exceptional reasons" for release within the meaning of Section 3145(c):[4]

---

[4] As suggested in the quoted paragraph and explained in *West*, for such a defendant, Section 3142(a)(2)'s (typically daunting) general requirement that there exists either a substantial likelihood that a motion for acquittal or new trial will be granted or a Government recommendation that no sentence of imprisonment be imposed on the defendant. *West,* 2020 WL 2572482, at *6.

> When Defendant states that under *Christman,* this Court can release (based on "exceptional reasons") a defendant who otherwise would be subject to detention under Section 3143(a)(2), that is correct as stated but far from the whole story. If it finds exceptional reasons, this Court can release a defendant even if he or she otherwise would be subject to detention based on the non-existence of the circumstances set forth in Section 3143(a)(2)(A)—*provided* that the defendant *can* satisfy the requirement of Section 3143(a)(1) to show by clear and convincing evidence that he is not a flight risk or danger to others.

*Id*. In short, even assuming *arguendo* that Defendant has set forth "exceptional reasons" for his release within the meaning of Section 3145(c), he still must show by clear and convincing evidence "that [he] is not likely to flee or pose a danger to other persons or the community if released[.]"[5] 18 U.S.C. § 3143(a)(1).

II. **DEFENDANT DOES NOT SATISFY HIS BURDEN TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT HE DOES NOT POSE A FLIGHT RISK OR DANGER TO OTHERS.**

Defendant simply has not met the burden he shoulders in any event with respect to flight risk and danger to others. In his attempt to meet it, he alludes to his having: rebutted the presumption of detention at his original detention hearing by showing family and community ties, an allegedly appropriate third-party custodian (his mother), and allegedly regained sobriety for over a year now while in detention in this case. (Doc. No. 35 at 1-2, 3). He also asserts that he "understands that his health conditions put him at high risk, and he desires only to stay inside in a safe place." (*Id*. at 3).

Regarding Defendant's alleged sobriety and new-found understanding concerning safety in the COVID-19 environment, the Court cannot accept them as fact; from counsel's statements in a brief, the Court cannot determine whether Defendant is actually sober (let alone determine whether relapse from any new sobriety is far-fetched) or what Defendant understands about

---

[5] Here and in *West*, the Court refers to the showing set forth in quotation marks as a showing that the defendant is "not a flight risk or danger to others."

COVID-19 (let alone how Defendant intends to act, or likely would act, given any such understanding). And unfortunately, given Defendant's lengthy and serious criminal history, the Court cannot presume that Defendant will act rationally, or in a manner to minimize risk to himself or others, or in a manner consistent with prevailing societal norms.

As for Defendant being able to rebut the presumption of detention that applied at his original detention hearing pursuant to 18 U.S.C. § 3142(e)(3), it counted for something then and for something now. But ultimately it did not count for enough then, inasmuch as he was detained even after rebutting the presumption, it certainly does not count for enough now, given the very different landscape regarding the applicable burden at this stage. Indeed, Defendant did not have to show very much at all to rebut the presumption of detention that originally applied in this case. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." (quoting *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991)).

Even if the Court accepts all of these things—the rebuttal of the presumption, the proffered third-party custodian, Defendant's new-found sobriety and appreciation for safety in shadow of COVID-19—and puts them in defendant's column, they fall substantially short of making the necessary showing given the applicable facts, especially the seriousness of the counts of conviction and Defendant's very troubling criminal history. These reflect very negatively on Defendant's ability to show persuasively not just that he is not a danger to others, but also that he is not a flight risk, as the significant sentence he is facing—including a mandatory minimum consecutive five-year sentence on Count Two—provides him an incentive to flee.

CONCLUSION

The Court can understand why Defendant would claim that the COVID-19 pandemic, combined with his medical profile, constitute "exceptional reasons" justifying release pending sentencing under Section 3145(c). But even if the Court accepted such claim, the Court cannot and does not do what else it needs to for Defendant to be released: find by clear and convincing evidence that Defendant is "not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). Accordingly, his Motion (Doc. No. 35) is hereby **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE